IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| CHONG SU YI, | * | |
| Plaintiff | * | |
| v | * | Civil Action No. PWG-16-1034 |
| DIVISION OF PARKING MANAGEMENT, Et al., | * | |
| Defendants | * | |

\*\*\*

## MEMORANDUM OPINION

Plaintiff Chong Su Yi filed a Complaint on April 7, 2016, ECF No. 1, together with a Motion to Proceed in Forma Pauperis. ECF No. 3. Because Plaintiff appears to be indigent, the motion shall be granted. Plaintiff has filed an Amended Complaint, ECF No. 6, as well as Supplemental Exhibits. ECF Nos. 3 & 7.

The Amended Complaint characterizes the facts and arguments in this case as:

3. Federal Question:

"tax is for general welfare"; is metered parking part of 'general welfare'? If so under "tax is for general welfare"; could parking in form of "metered parking"; be taxed under State's right to categorize? If not is metered parking form of taxing general welfare?

4. Facts of the case are:

Montgomery County parking management has been issuing parking citations, to vehicle operated by Plaintiff; not owned by plaintiff. Per Ms. Ham at Parking Management; enforcement officer may boot; or tow the vehicle for none payment without first going to court and obtain Court's order.

. . .

6. Argument of the cases are:

All the laws contain intent scope purpose; in order for law to be legitimate law. And any and all of three may be challenged in court of law; including letter and intent of the law. Metered parking is under State's right to categorize; to regulate parking; for state's best interest.

Under 'tax is for general welfare'; there is no mention of fees; and parking is general welfare, thus could not prevail under State's right to categorize; because

> its incongruous; And it fails at state's best interest; there is less intrusive way to achieve accommodate parking; than for extraction of money from public; form of taxation;
>
> If parking is general welfare; and service provided by State; how can State levy taxes on general service it provides? It fails under State's right to categorize; being too broad and too vague;
>
> Also it fails in state's best interest; because collection of money; by licensing it is more intrusive than merely let public park at parking place;
>
> Nowhere Constitution says; there must be building in place; where parking lot ought to be; State has decided to build too many buildings and not enough parking lots; Thus violated due process of the law.
>
> Number of people's less intrusive way; number of parking lots needed; is what must be achieved; instead state built too many buildings; too many people not enough parking places; each categorization is incongruous.
>
> Therefore, buildings must come down; for place of parking. Too many buildings are unconstitutional.

Am. Compl. 2-3.

Plaintiff seeks injunctive relief in the form of "boot or tow; for unpaid citations," "operations of metered parking," and an order directing the cessation of "operations of permit and start condemn the building to fit the number of parking needs, which must be free." *Id.* at 3-4

This Complaint is filed under 28 U.S.C. § 1915(a)(1), which permits an indigent litigant to commence an action in federal court without prepaying the filing fee. To guard against possible abuses of this privilege, the statute requires a court to dismiss any claim that is frivolous or malicious, or fails to state a claim on which relief may be granted. 28 U.S.C. § 1915(e)(2)(B)(i) and (ii). In this context, this Court is mindful of its obligation to liberally construe the pleadings of pro se litigants. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007). In evaluating a *pro se* complaint, a plaintiff's allegations are assumed to be true. *Id.* at 93 (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555–56 (2007)). Nonetheless, liberal construction does not mean that a court can ignore a clear failure in the pleading to allege facts which set forth

a claim cognizable in a federal district court. *See Weller v. Dep't of Soc. Servs.*, 901 F.2d 387 (4th Cir.1990); *see also Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir.1985) (stating a district court may not "conjure up questions never squarely presented"). In making this determination, "[t]he district court need not look beyond the complaint's allegations.... It must hold the pro se complaint to less stringent standards than pleadings drafted by attorneys and must read the complaint liberally." *White v. White*, 886 F.2d 721, 722–23 (4th Cir. 1989).

Plaintiff has not provided any information that might lead to a reasonable conclusion that some plausible cause of action has accrued on his behalf based on the parking citations he has received. A separate Order follows dismissing this case.

_____  
Date

_____  
Paul W. Grimm  
United States District Judge